907 F.2d 1227
 285 U.S.App.D.C. 221
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Shefun THOMPSON, Petitioner,
v.
KIEWIT-SHEA CONSTRUCTION COMPANY and Lumbermen's Mutual
Casualty and Director, Office of Workers'
Compensation Programs, Respondents.
 No. 89-1270.
 United States Court of Appeals, District of Columbia Circuit.
 July 13, 1990.
 
 Before MIKVA, HARRY T. EDWARDS and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on a petition for review of an order of the Benefits Review Board and on the briefs filed by the parties. The court has determined that there is no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition be denied. The Board's decision to deny petitioner's claim for lack of jurisdiction is supported by substantial evidence and is not inconsistent with applicable law. See Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 474 (1947); Director, Office of Workers' Compensation Programs v. National Van Lines, Inc., 613 F.2d 972, 980 n. 22 (D.C.Cir.1979), cert. denied, 448 U.S. 907 (1980).
 
 
 3
 Although petitioner's employment bears some relationship to the District, in view of the fact that he was hired through a District-based union, this connection alone is insufficient to confer jurisdiction under the District of Columbia Workmen's Compensation Act, D.C.Code Ann. Sec. 36-501 (1973) (repealed). Unlike the claimant in Greenfield v. Volpe Construction Co, Inc., 849 F.2d 635, 638 (D.C.Cir.1988), petitioner in this case never worked or travelled into the District as part of his job for Kiewit-Shea and did not work for his employer in the District for a continuous period prior to his injury. See also Gustafson v. International Progress Enterprises, 832 F.2d 687 (D.C.Cir.1987).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.